770 F.2d 166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAUL FELIX JECHURA, PETITIONER-APPELLANT,
v.
UNITED STATES OF AMERICA, RESPONDENT-APPELLEE.
 NO. 85-1020
 United States Court of Appeals, Sixth Circuit.
 7/12/85
 
 E.D.Mich.
 AFFIRMED
 ORDER
 BEFORE: LIVELY, Chief Judge; KEITH and MERRITT, Circuit Judges.
 
 
 1
 Jechura moves to proceed in forma pauperis on this appeal from the district court's order denying his motion to vacate. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and Jechura's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Pursuant to a plea bargain concerning one indictment, Jechura pled guilty to one count of income tax evasion and received a five year sentence. 26 U.S.C. Sec. 7201. At the same time, he pled guilty to a separate charge of engaging in a continuing criminal enterprise. 21 U.S.C. Sec. 848. Jechura argues that because he forfeited property with regard to the continuing criminal enterprise charge, the double jeopardy clause barred his conviction on the income tax evasion count. The general rule states that if the punishments were intended by Congress to be separate and distinct, they do not violate the double jeopardy clause. Albernaz v. United States, 450 U.S. 333, 336-7 (1981). Here the statutes concern separate and distinct offenses, and Congress clearly intended that the convictions result in separate punishments. So there is no double jeopardy clause violation.
 
 
 3
 Jechura also argues that the district court lacks jurisdiction over the income tax offense. If this issue is construed to mean that the court lacks jurisdiction over tax evasion cases, it is clearly without merit. 18 U.S.C. Sec. 3231; United States v. Koliboski, 732 F.2d 1328, 1329-30 (7th Cir. 1984). If it is construed to mean that the jurisdictional statute must be cited in the indictment, any failure to cite the statute is harmless error. Rule 52(a), Federal Rules of Criminal Procedure.
 
 
 4
 The motion to proceed in forma pauperis is granted. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.